UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEON G. COPELAND                              JURY TRIAL DEMANDED

v.                                            CASE NO.  3:10CV

SOLOMON AND SOLOMON, P.C.
JULIE SOLOMON

## **COMPLAINT**

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant is a law firm which regularly engages in the practice of consumer debt collection.

6. The individual defendant is admitted to practice in Connecticut and signs all court documents filed in Connecticut.

7. Defendants engaged in efforts to collect from plaintiff a personal credit card account.

8. Defendants obtained a default judgment against plaintiff in July, 2009.

9. Defendants did not seek or obtain a court order for post-judgment interest.

10. In connection with obtaining the default judgment against plaintiff, defendants did not allege or prove any facts demonstrating that plaintiff had unlawfully detained money.

11. The court did not make any factual finding that plaintiff had wrongfully

detained money.

12. No court order entered allowing post judgment interest.

13. In October, 2009, defendants obtained a financial institution execution order from the small claims court.

14. Defendants transmitted the execution to the marshal and added $246.24 interest to the amount of the execution.

15. The balance claimed due was thus excessive by the amount of the interest which had not been awarded by any judicial authority.

16. On and after January 28, 2009, defendants were put on notice that they had no right to assess post judgment interest without an order permitting the imposition of interest.

17. Defendants continue to this date to add postjudgment interest to the judgment it obtained against plaintiff.

18. Defendants have a regular pattern and practice of seeking postjudgment interest despite failing to allege or prove that a defendant has wrongfully detained funds.

19. Defendants have a regular pattern and practice of seeking postjudgment interest despite failing to request or receive an award of postjudgment interest.

20. In the course of the collection, defendant violated §1692d, -e, or -f(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)   That judgment be entered against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(f) That the Court grant such other and further relief as may be just and proper.

                PLAINTIFF,

BY    **/s/ Joanne S. Faulkner**
        Joanne S. Faulkner ct04137
        123 Avon Street
        New Haven, CT 06511-2422
        (203) 772-0395
        faulknerlawoffice@snet.net